UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MARK McCURDY, )
)
    *Plaintiff* )
)
v. ) No. 1:13-cv-277-JAW
)
DONALD SMITH and BETSY )
FITZGERALD, )
)
    *Defendants* )

## RECOMMENDED DECISION ON MOTION TO DISMISS

The pro se plaintiff styles this action as "a civil rights action . . . to redress the violation of Plaintiff's right to due process under the Fifth Amendment to the United States Constitution." Complaint for Declaratory and Injunctive Relief ("Complaint") (ECF No. 1) at 1. The defendants, the sheriff and manager respectively of Washington County, have moved to dismiss the complaint for lack of subject matter jurisdiction. Defendants' Motion to Dismiss ("Motion") (ECF No. 12). I recommend that the court grant the motion.

**I. Factual Background**

The complaint includes the following relevant factual allegations.

The plaintiff sent a Freedom of Information request to defendant Smith on June 10, 2013, requesting performance evaluations, assessments and investigations of, disciplinary actions "contemplated against," documents showing Fourth or Fifth Amendment violations committed by, and any records of prior misconduct of John Rolfe, a deputy sheriff. Complaint at 3. He stated that the requested material was "germane to issues he had currently pending in U.S.

1

District Court." *Id.*[1] On July 1, 2013, defendant Fitzgerald denied the request, citing 30-A M.R.S.A. § 2701(1)(B)(2).[2] *Id.* Rolfe committed perjury at a hearing on the plaintiff's motion to suppress and trial in an otherwise unidentified case. *Id.* at 4-5.

The Washington County Sheriff's Department knew or should have known that Rolfe would commit perjury in the plaintiff's case. *Id.* at 9. Rolfe's perjury deprived the plaintiff of his right to a fair trial. *Id.*

## II. Applicable Statutory Standard

When a defendant moves to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991); *Lord v. Casco Bay Weekly, Inc.*, 789 F. Supp. 32, 33 (D. Me. 1992). The raising of a colorable constitutional claim confers subject-matter jurisdiction on a federal court. *Bowie v. Astrue*, Civil No. 08-428-P-S, 2009 WL 1290765, at * 3 (D. Me. May 7, 2009) (citing *Califano v. Sanders*, 430 U.S. 99, 109 (1977)).

## III. Discussion

The defendants contend that this court lacks subject matter jurisdiction over the plaintiff's claim because it arises, if at all, under state rather than federal law. Motion at 3. However generously read, the complaint does not allege a federal constitutional claim against the

---

[1] While the plaintiff has been a party to at least three cases in this court, in addition to the instant case, *see* Docket Nos. 1:84-cv-206-CKC, 1:06-cr-80-JAW, and 1:11-cv-298-JAW, only the latter case was "pending" on June 10, 2013, and that matter was terminated on September 27, 2013, Docket, *Mark McCurdy v. United States of America*, No. 1:11-cv-00298-JAW, and the subject matter, a request to vacate a sentence, would not encompass any testimony given at the trial underlying the sentence. Even if such a concern were relevant, the case is now closed, rendering the instant action, insofar as it claims to be based upon that action, moot.

[2] Section 2701 of Title 30-A of the Maine Statutes Annotated does not have subsections. It provides, in its entirety: "Except as specifically provided otherwise by charter or ordinance, any reference to cause and hearing in this Part only applies to an employee who has completed a reasonable probation period established by the municipality. Periods of probation may not exceed 6 calendar months or the length of time in effect in a municipality on January 1, 1984, whichever is greater, except in the case of police officers, who upon being hired shall complete an employment probationary period that lasts for a least one year after graduation from the Maine Criminal Justice Academy or the date the board waives the basic training requirement." Presumably, the plaintiff meant to refer to 30-A M.R.S.A. § 2702(1)(B)(2), which is discussed *infra*.

defendants. It alleges that Rolfe deprived the plaintiff of his federal constitutional right to due process of law. Complaint at 9. Rolfe is not a party to this action.

The plaintiff argues that he has alleged a valid claim under 28 U.S.C. § 1343(a)(3), Opposition at 1, but that statute provides federal courts with jurisdiction only when a plaintiff alleges deprivation of a federal right by a defendant acting under the color of state law. Again, that is not what this complaint alleges.

The plaintiff asserts that "[r]eliable evidence that Deputy Rolfe has a history of misconduct is admissible for impeachment purposes under Giglio and Brady[,]" citing *United States v. Kiszewski*, 877 F.2d 210 (2d Cir. 1989), and *Milke v. Ryan*, 711 F.3d 998 (9th Cir. 2013). Plaintiff's Objection to Defendant[s'] Motion to Dismiss (ECF No. 16) at 2. That statement is accurate, as far as it goes.

Here, however, no proceeding in which impeachment could take place is pending. Moreover, in *Kiszewski*, the trial court had refused to order the government to produce the personnel file of a testifying federal agent after the prosecutor stated that the agent's file contained complaints against him all of which the agency deemed unfounded with the exception of one on which he was issued a letter of reprimand. 877 F.2d at 215. The Second Circuit held on appeal that it was error for the court to refuse to compel production of the file for its *in camera* review, particularly since the trial was based on a charge of making false declarations, "where credibility is the central issue in the case." *Id*. at 216.

In the instant case, the plaintiff only speculates that any such information is included in Rolfe's personnel file, and there is no pending action in which credibility is an issue. He does not allege "any [specific] instances of law enforcement misconduct which may be contained in the file[]and exculpatory to [him]" nor does he show "how such material, if disclosed, is material

3

to [any pending] case[,]" both of which must be shown in order to entitle him to the file. *United States v. Yarborough*, No. 06-CR-190(A), 2007 WL 962926, at *11 (W.D.N.Y. Mar. 28, 2007). *Accord*, *United States v. Ritchey*, No. 90-CR-312, 1991 WL 16030, at *1 (N.D.N.Y. Jan. 25, 1991) (citing *Kiszewski*). In *Milke v. Ryan*, 711 F.3d 998 (9th Cir. 2013), the only other authority cited by the plaintiff, the criminal defendant whose request for a testifying agent's personnel file was rejected produced evidence that the agent had committed misconduct, specifically, lying in court, on numerous occasions. *Id*. at 1005-06. The plaintiff here provides nothing beyond his own speculation.

It is also important to note that this court has held that "[e]vidence of prior bad acts is not admissible to prove that a person acted on a particular occasion in conformity with his past behavior." *Jackson v. State*, No. Civ. 03-105-B-W, 2003 WL 22410180, at *5 (D. Me. Oct. 21, 2003).

Maine's Freedom of Access Act provides, in pertinent part: "Except as otherwise provided by statute, a person has the right to inspect and copy any public record in accordance with this section[.]" 1 M.R.S.A. § 408-A.[3] Another Maine statute, 30-A M.R.S.A. § 2702(1)(B), provides that municipal records pertaining to an identifiable employee and containing performance evaluations and personal references, as well as complaints, charges or accusations of misconduct, replies to those complaints, charges or accusations and "any other information or materials that may result in disciplinary action" are not public records within the meaning of the Freedom of Access Act. Thus, the material sought by the plaintiff under the Freedom of Access Act, Complaint at 3, is not available under the Freedom of Access Act. To the extent that the

---

[3] Section 408-A replaces section 408, the section cited by the plaintiff, which was repealed in 2011. 1 M.R.S.A. § 408, Historical and Statutory Notes.

4

plaintiff seeks relief under this state statute, his complaint fails to state a claim upon which relief may be granted.

If the plaintiff meant to allege that he has a due process right under the United States Constitution to the documents he sought, he has not specified the source of that right other than his "due process right to a fair trial." Complaint at 9. The refusal of his Freedom of Access Act request that gives rise to his complaint in this action occurred after that trial was completed and, from all that appears, after all available appeals from the verdict were exhausted. Therefore, the defendants named in this action could not have violated the plaintiff's right to a fair trial. This court is unaware of any authority for the proposition that an individual has a right under the federal constitution to documents and information made exempt from production to the public under a state statute.

### IV. Conclusion

For the foregoing reasons, I recommend that the defendants' motion to dismiss be **GRANTED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 31st day of December, 2013.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge